### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICOLE BANKS, as Adiministratrix of the Estate of JUSTIN COFIELD,** | Civil Action No.: |
| **Plaintiff,** | <u>**COMPLAINT FOR DAMAGES**</u> |
| **v.** | **JURY TRIAL DEMANDED** |
| **Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs (in his individual capacity), PrimeCare CEO Thomas Weber, PrimeCare Medical Director Carl Hoffman, M.D., C.O. Edwin (in his individual capacity), C.O. Fagan (in his individual capacity), C.O. John/Jane Doe 1-10 (in their individual capacities), Theodore Demetriou, M.D., Curtis Bone, M.D, Amanda Montenegro, Heather Flory, Ellalee Spencer, Jocelyn Grube, Susan Deleo, Rukayat Oseni, Aaron Mukhiya, Addonna Thomas, Deja Boucher, Mallory Stokes Meher Gidley, Arthur Archambeault, Autumn Brennan, Sandra Werner, Alicia Luathiessen, Kayla Zeiders-Heichel, Justin Lensbower, Medical Provider John/Jane Doe 1-10** <br><br> **Defendants.** | |

**NATURE OF THE ACTION**

1.      Plaintiff, Administratrix of the Estate of Justin Cofield, brings this

action for damages pursuant to 42 U.S.C. § 1983 and the Due Process Clause of

the Fourteenth Amendment to the Unted States Constitution, as well as the

statutory and common laws of the Commonwealth of Pennsylvania, as the result of

the death of her son, Justin Cofield, on February 23, 2024 while he was an inmate

at the Dauphin County Prison.

**JURISDICTION, VENUE, AND JURY DEMAND**

2.      This Court has jurisdiction over the federal law claims stated herein

pursuant to 28 U.S.C. §§ 1131 and 1343.

3.      This Court's supplemental jurisdiction over Plaintiff's state common

law claims and causes of action stated herein is established by 28 U.S.C. § 1367

because those claims derive from the same nucleus of operative facts as the federal

claims stated herein, and are part of the same case or controversy that gives rise to

those federal claims and causes of action.

4.      Venue is proper in the United States District Court for the Middle

District of Pennsylvania, pursuant to 28 U.S.C. §§ 1391(a), (b), and (c), and §

1402(b), because the events and conduct giving rise to the claims stated herein

occurred in this District.

5.    Plaintiff demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## THE PARTIES

6.    Nicole Banks is Justin Cofield's, the decedent's, mother, and is the Administratrix of his Estate.

7.    Defendant Dauphin County is a political subdivision organized under the laws of the Commonwealth of Pennsylvania which at all relevant times owned, operated managed, and maintained the Dauphin County Prison.  Dauphin County was at all relevant times responsible for the care and well-being of all inmates held at the Dauphin County Prison.

8.    Defendant, PrimeCare Medical, Inc., is a business entity organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business located in Harrisburg, Pennsylvania.

9.    Defendant Warden Gregory Briggs, is an adult individual and resident of the Commonwealth of Pennsylvania, who, at all relevant times, was employed by Defendant Dauphin County, was acting under color of state law, was the final policymaker for Dauphin County Prison, and is being sued in his individual

capacity.

10.    Defendants, CEO Thomas Weber, Esq., and Corporate Medical Director Dr. Carl Hoffman, are adult individuals and residents of the Commonwealth of Pennsylvania, who, at all relevant times, were employed by Defendant PrimeCare Medical, Inc., were acting under color of state law, were the final policymakers for Defendant PrimeCare Medical, Inc., and are being sued in their individual and official capacities.

11.    Defendants Corrections Officer Edwin and Corrections Officer Fagan and John/Jane Doe 1-10 are adult individuals and residents of the Commonwealth of Pennsylvania, who, at all relevant times, were employed as corrections officers by Defendant Dauphin County, were acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Defendant Dauphin County and/or Defendant PrimeCare Medical, Inc., and are sued in their individual capacities.

12.    Defendants Theodore Demetriou, M.D., Curtis Bone, M.D, Amanda Montenegro, Heather Flory, Ellalee Spencer, Jocelyn Grube, Susan Deleo, Rukayat Oseni, Aaron Mukhiya, Addonna Thomas, Deja Boucher, Mallory Stokes, Meher Gidley, Arthur Archambeault, Autumn Brennan, Sandra Werner, Alicia

Luathiessen, Kayla Zeiders-Heichel, and Justin Lensbower, and John/Jane Does 1-10 are adult individuals and residents of the Commonwealth of Pennsylvania (hereinafter, and together and collectively with Defendants Weber and Hoffman, "the Medical Provider Defendants"), who, at all relevant times, were employed as Medical Providers for Dauphin County Prison by Defendant Dauphin County and/or PrimeCare Medical, Inc., were acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Defendant Dauphin County and/or Defendant PrimeCare Medical, Inc. They are being sued in their individual capacities.

## Allegations of Fact

13.    Justin Cofield became incarcerated at the Dauphin County Prison on or about August 10, 2022.

14.    In or about November 2023, Mr. Cofield alerted Dauphin County Prison Medical Providers in writing using "sick call slips" that most of the inmates housed in his cell block were becoming very sick.

15.    In or about January 2024, Mr. Cofield became ill and submitted one or more sick call slips to the Dauphin County Prison Medical Providers on his own behalf.

16.    Mr. Cofield was not seen by a doctor or nurse practitioner in response to the sick call slip he submitted in or about January 2024.  In response to those sick call slips, the Dauphin County Prison Medical Providers continued to provide Mr. Cofield with over-the-counter sinus and flu medicines. The Dauphin County Prison Medical Providers did not provide any other diagnostic or medical care to Mr. Cofield in response to the sick call slip which he submitted in or about January 2024 and did not record his sick call slip request to be seen by a doctor or nurse practitioner in the prison medical records maintained by Defendant PrimeCare, Inc.

17.    The Dauphin County Prison Medical Providers did not perform a Covid test on Mr. Cofield despite the sick call slip which he submitted in or about January 2024.

18.    Upon information and belief, Mr. Cofield's condition continued to deteriorate throughout February 2024.

19.    On the morning of February 23, 2024, Mr. Cofield was found dead in his cell by C.O. Edwin.

20.    Upon information and belief, C.O. Edwin, C.O. Fagan, and C.O. John/Jane Does 1-10 were assigned to Mr. Cofield's cell block and been aware for several weeks that Mr. Cofield was very ill.

21.     The Dauphin County Prison Medical Providers last performed a Covid test on Mr. Cofield on August 31, 2023.

22.     Upon information and belief, in the second half of 2023, Prime Medical Care, Inc. adopted a policy of discontinuing Covid testing of the inmate population on a regular basis and followed a Prison-wide practice of not testing inmates for Covid, despite its actual knowledge that failing to test for Covid was medically inappropriate and placed the inmate population at risk of infection, sickness, and death.

23.     Upon information and belief, Prime Medical Care adopted a policy of discontinuing Covid testing in the second half of 2023 and adopted its practice of not testing inmates for Covid as a means of increasing its profits by decreasing its costs.

24.     Upon information and belief, Defendants PrimeCare CEO Thomas Weber and PrimeCare Medical Director Carl Hoffman adopted a policy of discontinuing Covid testing on a regular basis and directed Dauphin County Prison Medical Providers to follow a practice of not testing inmates for Covid.

25.     Upon information and belief, Defendant Warden Gregory Biggs condoned in and acquiesced to the adoption of a policy to discontinue Covid

COMPLAINT FOR DAMAGES

testing on a regular basis and to follow a practice of not testing inmates for Covid.

26.    An autopsy on Mr. Cofield was not performed until February 29, 2024.  The autopsy listed the cause of death as a heart condition.

27.    A COVID test was performed as part of the autopsy.  The autopsy COVID test revealed that Mr. Cofield was infected with Covid antibodies at the time of his death.

28.    Upon information and belief, the Covid infection in Mr. Cofield's body and blood exacerbated and worsened Mr. Cofield's underlying heart condition to the extent that he suffered a cardiac arrest and died.

29.    At the time of Mr. Cofield's death, the Dauphin County Prison was severely understaffed. This understaffing included both Prison Medical Providers and Corrections Officers.

30.    As a result of the understaffing of Corrections Officers, upon information and belief, no Correction Officer observed Mr. Cofield for at least three hours before his death, far longer than the interval required by Prison regulations for Officers to check on inmates to ensure inmates' health and safety.

31.    As a result of the understaffing of Corrections Officers and Prison Medical Providers, the time required for Prison medical personnel and EMS

personnel to provide emergency care to Mr. Cofield was longer than is medically acceptable or appropriate.

32.    Upon arrival of EMS personnel, disordered and slight electrical activity was present in Mr. Cofield's heart despite the absence of a pulse.  Upon information and belief, the delay in providing emergency care to Mr. Cofield was a substantial causal factor in his death.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### COUNT I - 42 U.S.C. § 1983
### Substantive Due Process—Denial of Adequate Medical Care
### (Against all PrimeCare Defendants)

33.    The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

34.    Defendants CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; and Medical Providers Amanda Montenegro, Heather Flory, Ellalee Spencer, Jocelyn Grube, Susan Deleo, Rukayat Oseni, Aaron Mukhiya, Addonna Thomas, Deja Boucher, Mallory Stokes, Meher Gidley, Arthur Archambeault, Autumn Brennan, Sandra Werner, Alicia Luathiessen, Kayla Zeiders-Heichel, and Justin Lensbower, and John/Jane Does 1-10 had a

constitutional and/or statutory duty to provide Mr. Cofield necessary medical care.

35.    Mr. Cofield had a serious medical need, *i.e.*, a Covid infection.

36.    Defendants CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; and Medical Providers Amanda Montenegro, Heather Flory, Ellalee Spencer, Jocelyn Grube, Susan Deleo, Rukayat Oseni, Aaron Mukhiya, Addonna Thomas, Deja Boucher, Mallory Stokes, Meher Gidley, Arthur Archambeault, Autumn Brennan, Sandra Werner, Alicia Luathiessen, Kayla Zeiders-Heichel, and Justin Lensbower, and John/Jane Does 1-10 were on notice that Mr. Cofield had a serious medical need as a result of (i) the sick call slips which he submitted in January, 2024; (ii) his worsening condition throughout February, 2024, and; (iii) observation of him when administering over-the-counter sinus and flu medications.

37.    Defendants CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; and Medical Providers Amanda Montenegro, Heather Flory, Ellalee Spencer, Jocelyn Grube, Susan Deleo, Rukayat Oseni, Aaron Mukhiya, Addonna Thomas, Deja Boucher, Mallory Stokes, Meher Gidley, Arthur Archambeault, Autumn Brennan, Sandra Werner, Alicia Luathiessen, Kayla Zeiders-Heichel, and Justin Lensbower, and John/Jane Does 1-10 were deliberately

indifferent to Mr. Cofield's serious medical need by failing to do proper testing, i.e., y failing to administer a Covid test to him despite his worsening condition throughout February, 2024 and failing to provide appropriate treatment.

38.    The actions of Defendants CEO Thomas Weber, Esq. and Corporate Medical Director Dr. Carl Hoffman in adopting a policy to discontinue Covid testing on a regular basis and directing Prison Medical Providers to follow a practice of not testing inmates for Covid were so malicious, intentional, and reckless, and displayed such reckless indifference to Mr. Cofield's rights and well-being, that the imposition of punitive damages is warranted.

39.    WHEREFORE, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against Defendants CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; and Medical Providers Amanda Montenegro, Heather Flory, Ellalee Spencer, Jocelyn Grube, Susan Deleo, Rukayat Oseni, Aaron Mukhiya, Addonna Thomas, Deja Boucher, Mallory Stokes, Meher Gidley, Arthur Archambeault, Autumn Brennan, Sandra Werner, Alicia Luathiessen, Kayla Zeiders-Heichel, and Justin Lensbower and John/Jane Doe 1- 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff and deter the defendants and those similarly

situated, plus interest, costs, attorney's fees, and all other appropriate relief.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983

### *Monell* Claim—Denial of Medical Care

### (Against Dauphin County, PrimeCare Medical, Inc, CEO Thomas Weber, Esq., and Corporate Medical Director Dr. Carl Hoffman and Warden Gregory Biggs)

40.    The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

41.    At all relevant times, Defendant Dauphin County acted or failed to act through its employees, agents, servants, and/or contractors, then and there acting in the course and scope of their employment, agency, servanthood, and/or contract, including but not limited to the individually named defendants.

42.    At all relevant times, Defendant Dauphin County was charged with housing, supervising, and caring for the inmates housed at Dauphin County Prison, and they delegated their constitutional duty of providing said inmates medical care to Defendant PrimeCare Medical, Inc.

43.    At all relevant times, PrimeCare Medical, Inc., acted or failed to act through its employees, agents, servants, and/or contractors, then and there acting in the course and scope of their employment, agency, servanthood, and/or contract,

including but not limited to the individually named defendants.

44.    At all relevant times, Defendants PrimeCare Medical, Inc., and its employees, agents, servants, and/or contractors, were performing a traditional governmental function under color of state law and were therefore state actors.

45.    At all relevant times, Defendants Dauphin County and PrimeCare Medical, Inc., were responsible for testing, hiring, training, supervising, and disciplining individuals staffing Dauphin County Prison, including, but not limited to, the named individual defendants.

46.    45.    At all relevant times, Defendants Dauphin County and PrimeCare Medical, Inc., were responsible for instituting and maintaining policies and practices to ensure that necessary medical care and/or diagnostic testing was performed on inmates.

47.    At all relevant times, in order to increase Defendant PrimeCare Medical Inc.'s profits, Defendants PrimeCare Medical, Inc., CEO Thomas Weber, Esq., and/or Corporate Medical Director Dr. Carl Hoffman had adopted a policy of discontinuing Covid testing of the inmate population on a regular basis and instead directed Prison Medical Staff to follow a practice of not testing inmates for Covid.

48.    Defendant Warden Gregory Biggs condoned in and acquiesced to the

policy of discontinuing Covid testing of the inmate population on a regular basis and instead directed Prison Medical Staff to follow a practice of not testing inmates for Covid in order to increase the profits of Defendant PrimeCare Medical, Inc.

49.    Defendants PrimeCare Medical, Inc., CEO Thomas Weber, Esq., and/or Corporate Medical Director Dr. Carl Hoffmanm, and Warden Biggs, by implementing and condoning the policy of discontinuing Covid testing of the inmate population on a regular basis and instead following a practice of not testing inmates for Covid were deliberately indifferent to the serious medical needs of pretrial detainees, which policy and practice violated the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

50.    At all relevant times, in order to increase Defendant PrimeCare Medical Inc.'s profits, Defendants PrimeCare Medical, Inc., CEO Thomas Weber, Esq., and/or Corporate Medical Director Dr. Carl Hoffman knowingly and intentionally:

(i) Failed to have and/or enforce appropriate medical care procedures, policies, and training to prevent prison staff and medical providers from

denying inmates necessary medical care and/or diagnostic testing;

(ii) Failed to have and/or enforce appropriate procedures, policies, and training to respond to information regarding medical needs of inmates;

(iii) Failed to have and/or enforce adequate testing, hiring, training, supervision, and discipline to ensure prison staff act to prevent and/or intervene in prison staff and medical providers denying adequate care to inmates.

51.    Each of the failures enumerated in Paragraph 50 increased the risk of danger to inmates and directly and proximately caused Mr. Cofield's death.

52.    WHEREFORE, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against Defendants CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; and Medical Providers Amanda Montenegro, Heather Flory, Ellalee Spencer, Jocelyn Grube, Susan Deleo, Rukayat Oseni, Aaron Mukhiya, Addonna Thomas, Deja Boucher, Mallory Stokes, Meher Gidley, Arthur Archambeault, Autumn Brennan, Sandra Werner, Alicia Luathiessen, Kayla Zeiders-Heichel, and Justin Lensbower and John/Jane Doe 1- 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff and deter the defendants and those similarly

situated, plus interest, costs, attorney's fees, and all other appropriate relief.

### THIRD CAUSE OF ACTION

### <u>CONSPIRACY</u>
### <u>42 U.S.C. § 1983</u>
### (Against All Individually Named Defendants)

53.    The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

54.    As demonstrated by their continuous and concerted conduct, each of the Individually Named Defendants entered into an agreement and/or reached a meeting of the minds to violate Plaintiff's constitutional rights by intentionally failing to provide necessary medical care, *i.e.*, by following customs and practices of not testing inmates for Covid on a regular basis, not recording sick call slip requests in the prison medical records maintained by PrimeCare, Inc., and ignoring or covering up the failure of Prison Medical Providers to provide necessary medical care.

55.    WHEREFORE, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against all Individually Named Defendants, jointly and/or severally, in an amount sufficient to compensate

Plaintiff fully and adequately and deter the defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

## FOURTH CAUSE OF ACTION

### **Pennsylvania Common Law Negligence, Gross Negligence, and Vicarious Liability**

### **(Against The Medical Provider Defendants and PrimeCare Medical, Inc.)**

56.    The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

57.    The negligence, gross negligence, and/or carelessness of the Medical Provider Defendants includes but is not limited to:

(i)    Failure to recommend or perform appropriate diagnostic testing in response to Mr. Cofield's January 2023 sick call slip and worsening physical and medical condition throughout February 2024;

(ii)    Failure to recognize the significance of Mr. Cofield's ongoing and worsening physical and medical condition throughout February 2024;

(iii)    Failure to properly monitor Mr. Cofield;

(iv)    Failure to follow known and appropriate medical standards of care;

(v)    Failure to recognize Mr. Cofield's condition was failing to improve and/or was worsening.

58.     Defendant PrimeCare Medical, Inc. and the Medical Provider Defendants individually and acting through their authorized agents, ostensible agents, servants, workman and employees undertook and/or assumed a duty to render reasonable, proper, adequate, and appropriate medical care to Plaintiffs Decedent and to protect him from harm and avoid harm, and these Defendants breached said duty as set forth herein.

59.     Plaintiff and Plaintiffs Decedent Mr. Cofield relied upon the knowledge skill, treatment, and advice of these Defendants.

60.     The negligence, gross negligence, and/or carelessness of these Defendants as set forth herein caused harm, increased the harm, and was a substantial factor in causing the wrongful death of Plaintiffs Decedent, Mr. Cofield.

61.     Defendant PrimeCare Medical, Inc. is liable for the negligent and/or grossly negligent conduct of the Medical Provider Defendants pursuant to the principles of agency, ostensible agency, vicarious liability, and/or respondeat superior.

62.     Accordingly, the negligence and/or gross negligence of the Medical Provider Defendants is imputed to the Medical Care Provider Defendants.

63.    WHEREFORE, Plaintiff demands compensatory and punitive damages against all Medical Provider Defendants, jointly and/or severally, in an amount sufficient to compensate Plaintiff and punish and deter the defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief fully and adequately.

### FIFTH CAUSE OF ACTION
### <u>Pennsylvania Common Law</u>
### <u>Corporate Negligence and Gross Negligence</u>
### (Against PrimeCare Medical, Inc.)

64.    The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

65.    The direct corporate negligence, gross negligence, and carelessness of Defendant PrimeCare Medical, Inc., includes but is not limited to:

(i)    Failure to properly train its employees, agents, and ostensible agents to perform appropriate diagnostic testing in response to sick call slips and the deteriorating physical and medical conditions of inmates;

(ii)    Failure to properly train its employees, agents, and ostensible agents to recognize the significance of the deteriorating physical and medical conditions of inmates;

(iii)    Failure to properly train its employees, agents, and ostensible agents to properly monitor inmates who experience and/or demonstrate deteriorating physical and medical condition;

(iv)    Failure to oversee the Medical Providers in their assessment and treatment of Mr. Cofield;

(v)    Failure to properly train its employees, agents, and ostensible agents to conduct regular Covid testing of inmates;

(vi)    Failure to institute and maintain procedures to conduct regular Covid testing of inmates;

(vii)    Failure to train its employees, agents, and ostensible agents to follow known and appropriate medical standards of care.

66.    Defendant PrimeCare Medical, Inc., had actual and/or constructive knowledge of the above acts and omissions which caused harm, increased harm, and were substantial factors in causing the injuries and wrongful death of Mr. Cofield.

67.    The direct corporate negligence, gross negligence, and/or carelessness of Defendant PrimeCare Medical, Inc., as described above, caused harm, increased the harm, and was a substantial factor in causing the injuries and wrongful death of

Mr. Cofield.

68.     WHEREFORE, pursuant to Pennsylvania common law, Plaintiff demands compensatory damages against Defendant PrimeCare Medical, Inc., in an amount sufficient to compensate Plaintiff fully and adequately, plus interest, costs, attorney's fees, and all other appropriate relief.

**SIXTH CAUSE OF ACTION**
**42 Pa. C.S. § 8301**
**<u>Wrongful Death</u>**
**(Against All Defendants)**

69.     The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

70.     Plaintiff brings this action pursuant to the Wrongful Death Act, 42 Pa. C.S. § 8301 and claims all damages recoverable under the Pennsylvania Wrongful Death Act.

71.     As a direct and proximate result of the above-described actions and omissions of the defendants, Decedent, his mother and father, and his estate have suffered severe pecuniary losses and damages, including the following:

(i)     Funeral, burial, and estate administration expenses;

(ii)    Loss of such contributions as they would have received between the

time of the death of the decedent and today, including all monies that the

decedent would have spent for or given to his family;

(iii)    Loss of such contributions as the decedent would have contributed to

the support of his family between today and the end of his normal life

expectancy; and,

(iv)    Loss of the pecuniary and emotional value of the services, society,

and comfort that he would have given to his family had he lived including

such elements as provision of physical comfort and services and provision of

society and comfort.

72.    WHEREFORE, pursuant to 42 Pa. C.S. § 8301, Plaintiff demands

compensatory damages against All Defendants in an amount sufficient to

compensate Plaintiff fully and adequately, plus interest, costs, attorney's fees, and

all other appropriate relief.

**SEVENTH CAUSE OF ACTION**

**42 Pa. C.S. § 8302**
<u>**Survivor Action**</u>

**(Against All Defendants)**

73.    The Plaintiff repeats and realleges the foregoing paragraphs as if the

same were fully set forth at length herein.

74.    Plaintiff brings this action on behalf of the Estate of Justin Cofield,

deceased, by virtue of the Pennsylvania Survival Act, 42 Pa. C.S. § 8302, and claims all benefits of the Survival Act on behalf of Justin Cofield's estate and other persons entitled to recover under law.

75.    As a direct and proximate result of Defendants' wrongdoing, as set forth above, Plaintiff claims on behalf of the Estate of Justin Cofield all damages suffered by the Estate by reason of the death of Justin Cofield, including:

(i)    The anxiety, horror, fear of impending death, mental disturbance, pain, suffering, and other intangible losses which Decedent suffered prior to his death;

(ii)    The loss of past, present, and future earning capacity suffered by Decedent, from the date of his death until the time in the future he would have lived had he not died as a result of the injuries he sustained;

(iii)    The loss and total limitation and deprivation of his normal activities, enjoyment of life, pursuits, and life's pleasures from the date of his death until such time in the future as he would have lived had he not died as a result of the injuries sustained.

76.    WHEREFORE, pursuant to 42 Pa. C.S. § 8301, Plaintiff demands compensatory damages against All Defendants in an amount sufficient to

compensate Plaintiff fully and adequately, plus interest, costs, attorney's fees, and

all other appropriate relief.

     Dated: February 17, 2026

                    Respectfully submitted,

                    /s/Leticia C. Chavez-Freed, Esq.
                    The Chavez-Freed Law Office
                    PA Bar ID 323615
                    2600 N. 3rd Street, 2nd FL
                    Harrisburg, PA. 17110
                    leticia@chavez-freedlaw.com
                    Ph: (717) 893-5698
                    *Counsel for Plaintiff*

COMPLAINT FOR DAMAGES