**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NICOLE BANKS, as Administratrix of the Estate of JUSTIN COFIELD, Plaintiff | : | NO.: 1:26-cv-00409-JFS |
| | : | CIVIL ACTION – LAW |
| v. | : | JUDGE JOSEPH F. SAPORITO, JR. |
| DAUPHIN COUNTY, *et al.*, Defendants | : | *Electronically Filed* JURY TRIAL DEMANDED |

**REPLY BRIEF OF THE PRIMECARE DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## I. RESPONSE TO PLAINTIFF'S ALLEGED ALLEGATIONS RELEVANT TO THIS MOTION.

Throughout Plaintiff's Complaint, Plaintiff uses vague descriptions of "ill" and "very ill" when discussing Mr. Cofield's condition and alleged deterioration. Plaintiff's Complaint and Brief in opposition note that in November of 2023, Mr. Cofield attempted to alert Dauphin County Prison Medical Providers using "sick call slips" that most of the inmates were becoming "very sick." (ECF No. 1 at ¶ 14). Thereafter, Plaintiff notes that in January of 2024, Mr. Cofield himself "became ill" and submitted one or more sick call slips on his own behalf. (ECF No. 1 at ¶ 15). Finally, the Complaint notes that Mr. Cofield's condition "continued to deteriorate" throughout February 2024. Plaintiff's Complaint fails to apprise Defendants of what signs and symptoms Mr. Cofield was experiencing and/or what way they deteriorated.

Plaintiff's Complaint also belies the assertion that Mr. Cofield was "denied medical care entirely" as alleged in Plaintiff's Brief in Opposition to PrimeCare's Motion to Dismiss as Plaintiff's Complaint notes that Mr. Cofield was provided over-the-counter sinus and flu medications in response to his sick call slips. (ECF No. 1 at ¶ 16).

## II. ARGUMENTS

### A. MOVANTS DO NOT CONCEDE THE FIRST PRONG OF DELIBERATE INDIFFERENCE.

As outlined in the PrimeCare Defendant's Brief in Support of their Motion to Dismiss Plaintiff's Complaint (ECF No. 14), a medical need is considered serious when denial or delay results in "unnecessary and wanton infliction of pain" or "where denial or delay causes an inmate to suffer a life-long handicap or permanent loss. *See Monmouth Cnty. Corr. Institutional Inmates*, 834 F.2d 326, 347 (3d Cir. 1987). The PrimeCare Defendants' Brief specifically notes that there was no denial or delay in treatment as Plaintiff received over-the-counter sinus and flu medications to treat his cold-like complaints. (ECF. No. 14 at pp. 8-9). Although it does not appear to have been discussed in this Circuit, courts from other circuits have held that cold and flu-like symptoms are not a serious medical condition, and can be persuasive authority for that position. *Schwartz v. Jones*, No. 99-3269, 2000 U.S. Dist. LEXIS 18801, 2000 WL 1859012, at *3 (E.D. La. Dec. 18, 2000) (head cold and "flu-like symptoms" were "not serious medical needs."))

Plaintiff's Complaint concedes that an autopsy was performed on Mr. Cofield on February 29, 2026, and determined the cause of death as a heart condition. (ECF. No. 1 at

¶ 26). Plaintiff later alleges that the Autopsy determined that Mr. Cofield was found to have been "infected with Covid antibodies at the time of his death." (ECF. No. 1 at ¶ 27). Plaintiff's Complaint then makes a conclusory statement that a Covid infection worsened Mr. Cofield's heart condition to the extent that he suffered cardiac arrest and died. (ECF No. 1 at ¶ 28). Nowhere in the Complaint nor in Plaintiff's Brief in Opposition to PrimeCare Defendants' Motion to Dismiss does Plaintiff allege that Mr. Cofield had a Covid infection at the time of his death, nor were there allegations that Defendants had knowledge of Mr. Cofield's underlying heart condition prior to his passing. Similarly, there is no information that anyone else on Mr. Cofield's block was infected with Covid prior to, or after, his passing. Rather, Plaintiff appeared ill due to what was believed to be cold-like symptoms for which he received over-the-counter medications. Thus, there was no denial or delay in treatment as to a serious medical need, and Plaintiff's claims merely make a conclusory statement attempting to tie Covid antibodies found during the Autopsy to Mr. Cofield's death.

## B. THE COMPLAINT FAILS TO SHOW A CONSCIOUS DISREGARD OF A SERIOUS MEDICAL CONDITION.

### 1. Plaintiff's Complaint Fails to Describe Personal Involvement of Each Defendant or What Each Defendant Failed to Do.

To plead an adequate Section 1983 claim, "a plaintiff must aver facts to show the defendants' personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). *See also Lau v. City of Philadelphia*, 2025 U.S. Dist. LEXIS

129815. Plaintiff's Brief in Opposition to the PrimeCare Defendants' Motion to Dismiss focuses on the fact that Plaintiff has named seventeen (17) individual medical providers and claims that they each knew that Mr. Cofield had a serious medical condition through observation and his deteriorating condition through February and that each failed to administer a Covid test or administer other appropriate treatment. (ECF. No. 17 at p. 9). However, nowhere in the Complaint does it specifically describe when these observations occurred, who performed the observations, or in what way Mr. Cofield's condition deteriorated that would have triggered their knowledge of a serious medical need. Rather, Plaintiff's Complaint concludes, without alleging supporting facts, that each of these seventeen (17) medical providers were somehow involved in observation and somehow obtained information of Mr. Cofield's deteriorating condition through February. Thus, Plaintiff has failed to provide specific facts related to each Defendant's personal involvement to plead an adequate § 1983 claim.

## C. PLAINTIFF'S MONELL CLAIMS

### 1. Plaintiff Has not Responded to the Redundancy of Naming Mr. Weber and Dr. Hoffman.

The PrimeCare Defendants note in their Brief in Support of their Motion to Dismiss that claims against officials named in their official capacities are indistinguishable from claims against the government entity that employs them; thus, the claims against Mr. Weber and Dr. Hoffman are redundant of the *Monell* claim asserted against PrimeCare. *See* (ECF. 14 at p. 11 citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).

Because Plaintiff has failed to raise substantive arguments to the redundancy of the *Monell* claims against Mr. Weber and Dr. Hoffman from the *Monell* claims against PrimeCare, Plaintiff's *Monell* claims against Mr. Weber and Dr. Hoffman in their individual capacities should be dismissed. *See Dreibelbis v. Scholton*, 274 Fed. Appx. 183, 185 (3d Cir. 2008) (affirming district court's finding of waiver as to an argument where plaintiff had opportunity to address it in his opposition brief but failed to do so); *Levy-Tatum v. Navient Solutions, Inc*., 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) (collecting cases); *D'Angio v. Borough of Nescopeck*, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999) (finding claims waived where plaintiff failed to address defendant's argument in his brief in opposition to a motion to dismiss).

**2. Plaintiff Has Provided No Facts To Support Deficient Policies.**

In response to the PrimeCare's arguments made in their Motion to Dismiss (ECF. No. 14) Plaintiff cites to ¶¶ 24 and 47 in her Brief in Opposition to the PrimeCare Defendant's Motion to Dismiss. (ECF No. 17 at p. 12). However, the response ignores the purposes of the argument that Plaintiff merely asserts, without providing sufficient facts, that there was a deficient policy. Nowhere in Plaintiff's Complaint or in the Brief in Opposition to the PrimeCare Defendants' Motion to Dismiss does Plaintiff explain what basis or what frequency the PrimeCare Defendants were required to test inmates for Covid infections. Rather, Plaintiff's Complaint notes that Mr. Cofield was last tested for Covid on August 31, 2022. (ECF. No 1 at ¶ 21). Moreover, as stated above, Plaintiff's Complaint

and Brief fail to provide sufficient factual support that Mr. Cofield's condition specifically required a Covid test to be performed. Rather, Plaintiff alleges that other inmates were noted to become "ill" without reference to whether any other inmates were diagnosed or infected with Covid. Plaintiff also fails to define what "ill" means in the context of this litigation an/or how this alleged deficient policy has caused harm to other similarly situated inmates. Because Plaintiff fails to provide these facts, Plaintiff's Complaint must be dismissed. Applying the law to the facts of this matter, courts have dismissed cases in which Plaintiff merely allege conclusory ties between allegedly deficient policies without specific facts alleging a pattern of similar constitutional violations. *See Dennis v. Corr. Officer Heads* 2025 U.S. Dist. LEXIS 252695 (E.D. Pa 2005).

### D. PLAINTIFF HAS FAILED TO SUFFICIENTLY PLEAD CLAIMS OF NEGLIGENCE.

In Plaintiff's Brief in Opposition to PrimeCare Defendant's Motion to Dismiss Plaintiff's Complaint, Plaintiff cites to ¶¶ 24, 47, 50 relative to alleged conduct of Mr. Weber and Dr. Hoffman and ¶¶ 36-37 and 57 for alleged conduct as to the Medical Provider Defendants. As discussed above, the claims against Mr. Weber and Dr. Hoffman should be dismissed for failure to show the policies were indeed deficient versus Plaintiff simply disagreeing with the Covid policy. Further, there is no alleged causal link between an alleged deficient Covid testing and Mr. Cofield's death. With respect to the medical Defendants, Plaintiff's Brief merely cites to paragraphs lumping in each of the 17 Medical Provider Defendants. Nowhere in the complaint does it specifically describe who, where,

or how each of these 17 named Defendants were involved other than when they are alleged to have provided over-the-counter medications. Additionally, nowhere in the Complaint does it explain in what way Mr. Cofield's condition deteriorated that would have triggered their knowledge of a serious medical need. Rather, Plaintiff's Complaint concludes, without alleging supporting facts, that each of these seventeen (17) medical providers were somehow involved in observation and somehow obtained information of Mr. Cofield's deteriorating condition through February. As such, Plaintiff's Complaint should be dismissed for failure to provide specific facts as to the actions or inactions of <u>each</u> named Defendants.

### E. PLAINTIFF DOES NOT ADDRESS THE PRIMECARE DEFENDANTS' ARGUMENTS RELATED TO DISMISSING PLAINTIFF'S CLAIMS FOR CIVIL CONSPIRACY OR PUNITIVE DAMAGES.

PrimeCare Defendants allege in their Motion to Dismiss that Plaintiff's Complaint fails to allege facts that any Defendant had an agreement and also took concerted action to deprive him of his rights. Plaintiff's Brief in Opposition appears to also be silent on this issue. Courts have consistently found that the filing of a brief in opposition to dismiss that fails to respond to a substantive argument to dismiss a particular claim results in the waiver or abandonment of that claim. *See Dreibelbis v. Scholton*, 274 Fed. Appx. 183, 185 (3d Cir. 2008) (affirming district court's finding of waiver as to an argument where plaintiff had opportunity to address it in his opposition brief but failed to do so); *Levy-Tatum v. Navient Solutions, Inc*., 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) (collecting cases);

*D'Angio v. Borough of Nescopeck*, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999) (finding claims waived where plaintiff failed to address defendant's argument in his brief in opposition to a motion to dismiss).

**F. PLAINTIFF DOES NOT SUFFICIENTLY ADDRESS CAUSATION.**

As discussed in the PrimeCare Defendants' Brief in Support of their Motion to Dismiss, Plaintiff does not show a direct link to an underlying constitutional violation, nor does the Complaint demonstrate that Mr. Cofield had Covid at the time of his death, that Covid caused his death, or how testing for Covid would have materially changed his treatment. "[A] claim that relies just on 'conclusory statements,' or on 'threadbare recitals of the elements of a cause of action' without supporting factual allegations, does not establish plausible grounds for relief." *Id.* (quoting *Fischbein v. Olson Rsch. Grp., Inc.*, 959 F.3d 559, 561 (3d Cir. 2020)).

In the instant matter, Plaintiff does not show in their Complaint or Brief in Opposition what requirement existed for the testing of inmates for Covid and how Mr. Cofield or other inmates being "ill" were related in any way to Covid. Similarly, Plaintiff's Complaint and Brief do not demonstrate that the policy caused Mr. Cofield to contract Covid and merely makes a conclusory allegation that the existence of Covid antibodies found during his Autopsy is somehow related to an exacerbation of his underlying heart condition. A failure to link the alleged unconstitutional conduct, policy, or negligence to

Mr. Cofield's death is fatal to Plaintiff's Complaint. Thus, Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

MARSHALL DENNEHEY, P.C.

By: ______________________________

MICHAEL J. CADIGAN, ESQUIRE
PA Attorney ID No. 329891
200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011
Telephone (717) 651-3502
mjcadigan@mdwcg.com
*Attorney for PrimeCare Defendants*

Date: June 12, 2026

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 12th day of June, 2026, the foregoing *Reply Brief in Support of Motion to Dismiss* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record, which service satisfies the requirements of the Federal Rules of Civil Procedure.

Leticia C. Chavez-Freed, Esquire
The Chavez-Freed Law Office
2600 N. 3rd Street, 2nd Floor
Harrisburg, PA 17110
leticia@chavez-freedlaw.com
*Attorney for Plaintiff*

Andrew W. Norfleet, Esquire
Jennifer L. Ruth, Esquire
Marshall Dennehey, P.C.
200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011
awnorfleet@mdwcg.com
jlruth@mdwcg.com
*Attorneys for Gregory Briggs, C.O. Edwin, C.O. Fagan, and Dauphin County*

MARSHALL DENNEHEY, P.C.

By: ______________________________
Michael J. Cadigan